**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

1.  CAPITOL RECORDS, INC., a Delaware corporation;

2.  UMG RECORDINGS, INC., a Delaware corporation;

3.  MAVERICK RECORDING COMPANY, a California joint venture;

4.  BMG MUSIC, a New York general partnership;

5.  ARISTA RECORDS, LLC, a Delaware limited liability company;

6.  SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership;

7.  WARNER BROS. RECORDS INC., a Delaware corporation,

        Plaintiffs,

v.

DEBBIE FOSTER,

        Defendant.

Case No. CIV-04-1569-T

**PLAINTIFFS' MOTION TO DISMISS**
**DEFENDANT'S PRIMA FACIE TORT COUNTERCLAIM AND TO STRIKE**
**DEFENDANT'S DECLARATORY JUDGMENT COUNTERCLAIM**

### I.    MOTION

Count 1 of Defendant's Counterclaim seeks a declaratory judgment that Defendant did not infringe Plaintiffs' copyrights. This claim is a mirror image of Plaintiffs' copyright claim and, therefore, is duplicative and unnecessary. Defendant's Declaratory Judgment counterclaim should be stricken pursuant to Fed. R. Civ. P. 12(f).

Count 2 of Defendant's Counterclaim purports to plead a claim for prima facie tort. Such a claim is not recognized under Oklahoma law. In addition, the conduct alleged by Defendant to give rise to its prima facie tort claim is immune from liability under the litigation privilege and the First Amendment. For these reasons, Defendant's prima facie tort counterclaim should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

## II. BRIEF IN SUPPORT

Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings ("Copyrighted Recordings") identified in Exhibits A and B attached to the Complaint. Complaint ("Compl.") ¶ 13. As such, Plaintiffs have the exclusive rights: (a) to reproduce the Copyrighted Recordings; and (b) to distribute the Copyrighted Recordings to the public. Compl. ¶ 14.

On information and belief, Defendant, without Plaintiffs' permission or consent, used an online media distribution system to download, distribute, and make available Plaintiffs' Copyrighted Recordings. Compl. ¶ 15. This is copyright infringement. See In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (2004) (holding that the individuals that make and transmit digital copies of copyrighted music files over the internet are direct copyright infringers); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001), aff'd, 284 F.3d 1091. Plaintiffs are entitled to an injunction, statutory damages, attorneys' fees and costs pursuant to 17 U.S.C. §§ 504(c) & 505.

## III. LEGAL STANDARDS

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a counterclaim may be stricken where, as with Defendant's Declaratory Judgment claim, it is merely a mirror image of

{S110674;}2

1639406v1

the affirmative claim or where it is redundant of other claims and defenses.  Fed. R. Civ. P. 12(f).

Claims must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure where, as with Defendant's prima facie tort counterclaim, "it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah State Sch. For Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (quotation omitted); see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) ("a Court need not credit a [pleading's] bald assertions or legal conclusions when deciding a motion to dismiss.").

### IV.     DISCUSSION

#### A.     This Court Should Strike Defendant's Counterclaim Seeking a Declaratory Judgment for Non-Infringement Because It Is Duplicative and Unnecessary.

Courts will dismiss "mirror image" counterclaims where they merely restate issues already before the court as part of a plaintiff's affirmative case.  See e.g., 4-County Elec. Power Ass'n v. Tennessee Valley Auth. 930 F. Supp. 1132, 1144 (S.D. Miss. 1996) (dismissing declaratory judgment counterclaim because it is "wholly repetitious of the issues already before the court and hence is unnecessary"); GNB Inc. v. Gould, Inc., 1990 WL 207429, at *5 (N.D. Ill. 1990) (dismissing counterclaim as "duplicative" where it was "essentially a restatement" of plaintiff's claim from defendant's perspective); Veltman v. Norton Simon, Inc., 425 F. Supp. 774, 776 (S.D.N.Y. 1977) (dismissing counterclaim for declaratory relief as "redundant" and "moot"); Green Bay Packaging, Inc. v. Hoganson & Assoc., Inc., 362 F. Supp. 78, 82 (N.D. Ill.

1973) (where plaintiff sought declaration of contractual rights of the parties, court granted motion to strike counts of defendants' counterclaim that "request[s] this Court to determine the identical issue from the defendants' perspective . . . . It is well settled that such repetitious and unnecessary pleadings should be stricken").

Here, Defendant seeks a declaration that she has not infringed Plaintiffs' copyrights. That precise issue of infringement is set forth in Plaintiffs' Complaint. Defendant's declaratory counterclaim raises no legal or factual issues outside those raised by Plaintiffs' Complaint. The evidence and issues of proof governing Plaintiffs copyright claim are identical to those governing Defendant's declaratory judgment claim. Defendant's counterclaim is simply Plaintiffs' copyright claim recast from the perspective of the Defendant. Because the exact issue of copyright infringement is already before the Court, Defendant's counterclaim is duplicative and unnecessary. For this reason, it should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Similarly, courts also will dismiss declaratory judgment counterclaims that are duplicative of defendant's own allegations in its defenses. See, e.g., Federal Deposit Ins. Corp. v. Bancinsure, Inc., 770 F. Supp. 496, 500 (D. Minn. 1991) (dismissing counterclaim that "seeks the same result as defendant's denials and affirmative defenses" as "redundant"); Rayman v. Peoples Sav. Corp., 735 F. Supp. 842, 851-52 (N.D. Ill. 1990) (denying defendants' motion for leave to file declaratory judgment counterclaim that was duplicative of defendants' affirmative defense); Lee v. Park Lane Togs, Inc., 81 F. Supp. 853, 854 (S.D.N.Y. 1948) (dismissing defendant's counterclaim seeking declaration of invalidity of trademark; "No declaratory judgment is necessary for a determination of the controversy in this case" where allegations of counterclaim were already before court as a defense).

In Defendant's counterclaim, she seeks a declaration of non-infringement because she "did nothing improper regarding Plaintiffs' copyrighted materials." Counterclaim, ¶ 21. The same denial of infringement is contained in paragraphs 15-18 of Defendant's Answer and in her First Affirmative Defense. Counterclaim ¶¶ 15-18; Affirmative Defenses ¶ 1. Defendant's position in her answer is that she did not perform any act that would give rise to infringement. If she successfully proves that contention, it would moot her counterclaim for a declaratory judgment of the identical proposition. Count 1 of Defendant's Counterclaim is, therefore, redundant of her own denials and defenses and should be stricken pursuant to Fed. R. Civ. P. 12(f).

### B.  Defendant's Prima Facie Tort Counterclaim Fails to State a Claim for Which Relief May Be Granted and Should Be Dismissed.

#### 1.  Defendant's Prima Facie Tort Counterclaim Fails Because Such a Claim Is Not Recognized Under Oklahoma Law.

Defendant's counterclaim for prima facie tort fails because, among other reasons, Oklahoma law does not recognize such a claim. The Oklahoma Supreme Court has held that "the expression 'prima facie tort' does not appear ever to have been recognized in Oklahoma." Patel v. OMH Med. Ctr., Inc., 987 P.2d 1185, 1189-90 n.2 (Okla. 1999), cert. denied, 528 U.S. 1188. Without more, Defendant's prima facie claim must be dismissed with prejudice.

The Tenth Circuit has followed the lead of the Oklahoma Supreme Court. In Cardtoons v. Major League Baseball Players Ass'n, 335 F.3d 1161, 1167 (10th Cir. 2003), the Tenth Circuit recanted an earlier statement in which the Court suggested that Oklahoma had appeared to have adopted the tort. Id. (referring to Merrick v. Northern Natural Gas Co., 911 F.2d 426, 433 (10th Cir. 1990)). However, the Merrick opinion relied solely on an article in the Oklahoma Bar Journal, because, at that time, there was no authoritative Oklahoma case law on the subject.

Cardtoons, 335 F.3d at 1167. In Cardtoons, the Tenth Circuit recognized that (1) its prior decisions were not binding with respect to Oklahoma law; and (2) since its decision in Merrick, the Oklahoma Supreme Court (in Patel) had clarified that the prima facie tort doctrine has not been recognized in Oklahoma. Id.

Moreover, the Tenth Circuit has found that pursuing a party's legitimate rights based on a reasonable belief that a defendant violated those rights is not tortious conduct. See Cardtoons, 335 F.3d at 1166-68. Defendant's conclusory allegations assert nothing more than a denial of liability and a disagreement with Plaintiffs attempting to settle this dispute. If such allegations could be used as a springboard for a tort counterclaim, the Court would find itself awash in strategic, but ultimately futile counterclaims. Such a result is neither supportable under applicable law nor tenable under any reasonable judicial policy. Plaintiffs' good faith actions to legitimately enforce their copyrights and settle this dispute cannot give rise to any tort, let alone a tort that does not exist.

### 2. Defendant's Prima Facie Tort Claim Is Barred Under the Litigation Privilege.

Even if Oklahoma law recognized a claim for prima facie tort, Defendant's claim would still be barred by the litigation privilege. Under the litigation privilege rule, statements made and pleadings filed by a party during litigation are immune from liability. See, e.g., Samson Inv. Co. v. Chevaillier, 988 P.2d 327, 329-30 (Okla. 1999) ("the privilege, sometimes termed the litigation privilege . . . accords attorneys, parties, jurors and witnesses immunity for comments or writings made during the course of or preliminary to judicial or quasi-judicial proceedings"). In Cardtoons, the Tenth Circuit explained:

> Oklahoma has long recognized the litigation privilege under which attorneys, parties, jurors, and witnesses are immune from defamation liability for statements made in the course of judicial or quasi-judicial proceedings, so long as the statements are relevant to

>   the proceeding.  Oklahoma has extended this privilege to statements made in anticipation of litigation.

335 F.3d at 1166 (citations omitted).  This immunity would defeat a claim for prima facie tort, if such a claim were allowed under Oklahoma law.  Id. at 1168.

Defendant claims Plaintiffs wrongfully brought an action against Defendant and demanded settlement from Defendant despite "being placed on notice" that Defendant denied any liability.  Counterclaim ¶¶ 19, 22.  Defendant acknowledges in her Counterclaim that these actions were undertaken by Plaintiffs in an attempt to enforce their copyrights and settle this dispute.  Counterclaim ¶¶ 17-18.  Therefore, Defendant's counterclaim seeks to impose liability on Plaintiffs based on the filing of this litigation and statements made by Plaintiffs' representatives in connection with litigation.  This conduct is immune from liability and, as a result, Defendant's counterclaim for prima facie tort should be dismissed.

### 3. Plaintiffs Also Are Immune From Liability Under The First Amendment Right To Petition.

The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances."  U.S. Const. Amend. I.  The Supreme Court has declared the right to petition to be "among the most precious rights of the liberties safeguarded by the Bill of Rights."  United Mine Workers v. Illinois State Bar Ass'n, 389 U.S. 217, 222 (1967).  This right to petition has been extended to afford a party the right to access the courts.  See California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508 (1972).  Consistent with this right, sometimes referred to as Noerr-Pennington immunity, numerous courts have shielded litigants from claims relating to the filing of litigation.  See, e.g., Chemicor Drugs, Ltd. v. Ethyl Corp., 168 F.3d 119, 128-129 (3d. Cir. 1999); Video Int'l Prod., Inc. v. Warner-Amex Cable Comm., 858 F.2d 1075, 1082-1083 (5th Cir. 1988); Havoco Am., Ltd. v. Hollobow, 702 F.2d 643, 649 (7th Cir. 1983).

Defendant alleges Plaintiffs wrongfully brought and litigated this action and, as a consequence, are liable under Oklahoma state law.  Such allegations are contrary to the First Amendment Right to Petition and established precedent holding litigation conduct to be immune from such claims.  For this additional reason, Defendant's counterclaim for prima facie tort should be dismissed.

## V.   CONCLUSION

Both of Defendant's counterclaims fail on the pleadings.  Accordingly, Plaintiffs respectfully request that this Court strike Defendant's Declaratory Judgment Counterclaim and dismiss, with prejudice, Defendant's prima facie tort Counterclaim.

      s/ David L. Kearney
David L. Kearney, OBA #11379
John M. Benson, OBA #19049
GABLE & GOTWALS
Fifteenth Floor
One Leadership Square
211 North Robinson
Oklahoma City, OK  73102-7101
(405) 235-5500
(405) 235-2875 (fax)

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that, on April 27, 2005, I electronically transmitted the attachment to the Clerk of Court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrant's

      mdthomson@sbcglobal.net      skiphensoniii@yahoo.com

                        s/ David L. Kearney_____
                        David L. Kearney