IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Capitol Records, Inc., et al., § | |
|     Plaintiffs, § | |
| § | |
| vs. § | Case No. Civ-04-1569-W |
| § | |
| Debbie Foster, § | |
|     Defendant. § | |

**DEFENDANT DEBORAH FOSTER'S MOTION FOR COURT TO STAY DEFENDANT'S RESPONSE TIME PENDING THE ENTRY OF A PROTECTIVE ORDER FOR PLAINTIFFS AND DEFENDANT'S RECEIPT OF PLAINTIFFS' SUPPLEMENT TO DEFENDANT'S DISCOVERY**

Comes now Defendant Debbie Foster and moves the Court to enter an order staying her time to respond to Plaintiffs' Motion to Dismiss Claims Against Debbie Foster With Prejudice and to Dismiss As Moot Defendant Debbie Foster's Counterclaim [Doc. 107] filed on March 17, 2006 and affidavits [Doc. 108] filed on March 23, 2006.

For the reasons set forth herein, the Court should stay Defendant's response time pending: (1) the entry by the Court of an agreed to Protective Order to govern discovery to be produced by Plaintiffs in response to Defendant's requests; (2) preparation of a privilege log by Plaintiffs; and, (3) receipt and review by Defendant of Plaintiffs (supplemental) discovery responses. Defendant's response is presently due on May 17, 2006. Defendant moves the Court enter an order staying her response time until the above pending the performance of the above tasks.

**I.     May 16, 2006 Resolution of Discovery Previously Disputed by Plaintiffs**

In accordance with Rule 37.1 of the Local Rules for the U.S. District Court for the Western District of Oklahoma, Defendant's counsel met and conferred by telephone conferences and email

communications with lead counsel for Plaintiffs, James Ruh, on a number of occasions in April and May in an attempt to resolve Plaintiffs' responses to Defendant's discovery requests.

    A.    Defendant's counsel was unable to personally met and conferred in good faith because Plaintiffs' lead counsel is located in Denver, Colorado. The distance between counsels' offices renders a personal conference infeasible.

    B.    The prior attempts to resolve discovery issues are reflected in a letter dated 5-8-06 from the undersigned to Plaintiffs' counsel. Defendant's Exhibit 1.

    C.    On May 15, the undersigned counsel for Defendant conferred with Mr. Ruh to inform him of her anticipated filing a motion to compel discovery on May 15 (or May 16).

    D.    On May 16, the undersigned counsel decided to make one final attempt to resolve the discovery issues with Mr. Ruh prior to filing of Defendant's motion.

    E.    On May 16, Plaintiffs' counsel informed the undersigned of Plaintiffs agreement to produce contemporaneous notes provided that Defendant agrees that Plaintiffs are not waiving privileges. Plaintiffs also accept Defendant's prior offer to maintain confidentiality by entry of an agreed to protective order.  Defendant's Exhibit 2 (5-16-06 email at 12:01 p.m. from J. Ruh resolution of discovery).

    F.    Upon receipt of the email, the undersigned further conferred by telephone with Mr. Ruh and memorialized the conference in an email. Defendant's Exhibit 3 (5-16-06 email at 12:39 p.m.).

    G.    Plaintiffs will prepare a protective order for Defendant's consideration for joint submission to the Court and Plaintiffs will prepare a privilege log. Defendant's

Exhibit 3.

H. However, unfortunately Plaintiffs do not agree to any extension of Defendant's response time and to any supplement of Defendant's response to Plaintiffs' third motion to dismiss. Defendant's Exhibit 3.

I. Plaintiffs anticipate production within a week from May 16th by May 23rd. Defendant's Exhibit 4.

J. Plaintiffs will transmit the documents by fax or email to Defendant. Defendant's Exhibit 4.

On May 16, 2006, one day before Defendant's May 17 deadline for the filing of Defendant's brief in response to Plaintiffs' third motion to dismiss, the Plaintiffs agreed to resolve the discovery issues but disagreed to Defendant's request to obtain discovery to prior to the filing of Defendant's response (and exhibits). Plaintiffs will suffer no prejudice in the Court stays Defendant's response pending completion of the tasks set forth herein by the parties. No trial date has been set for this case in light of Plaintiffs' third motion to dismiss.

## II.  Undisputed Status of Case And Declarations Filed by Plaintiffs

1. On March 5, 2005, Defendant Debbie Foster submitted written discovery requests for production, interrogatories and requests for admissions to each of the named Plaintiffs. [Doc. 111](4-5-06 filing of Defendant's Exhibits 1, 2, 3, 4 discovery sought from Plaintiffs).

2. Defendant second request for production was transmitted by telecopier to Plaintiffs' on March 11, 2006. [Doc. 111 (4-5-06 filing of Defendant's Exhibit 4).

3. On March 17, 2006, Plaintiffs filed their (third) motion to dismiss. [Doc. 107].

4. On March 23, 2006, Plaintiffs filed declarations of their witnesses in support of their third motion to dismiss. Plaintiffs witnesses are: Steve Koransky, Dennis Gerber, Eric German, Charles Cooper, and Matthew Wiltanger. Plaintiffs' Exhibits A-E, [Doc. 108] in support of their motion.[1]

   a. The declaration of Steve Koransky is dated February 28, 2006 and sets forth the following:

      i. Mr. Koransky's alleged initial contact with Debbie Foster in October 2004.

      ii. Alleged facts and statements purportedly made by Debbie Foster to him.

      iii. Mr. Koransky's alleged three subsequent phone messages for Debbie Foster in October 2004.

      iv. *See*, Plaintiffs' Exhibit A, ¶¶ 2-3.

      v. Mr. Koransky's declaration does not identify what, if any, relationship he has to the Plaintiffs and does not disclose his current address and telephone number.

      vi. Defendant is entitled to discover any and all documentation and information relied upon by Mr. Koransky to support his 2006 declaration.

      vii. Mr. Koransky recites that "I am an Investigator *formally* employed by the Settlement Support Center." (emphasis added).

---

[1] The declarations were filed after the March 17, 2006 (extended) deadline set by the Court [Doc. 104] for Plaintiffs to file a (third) motion for voluntary dismissal with prejudice of their claims against Defendant Debbie Foster. Plaintiffs' original filing deadline was March 3, 2006. [Doc. 102].

   viii. Defendant's prior March 2005 written discovery to each Plaintiff sought information within the scope of the declaration of Steve Koransky now proffered by Plaintiffs. Defendant's Exhibit 1 filed herewith. *See*, [Doc. 111] Defendant's 4-15-06 objection [Defendant's Exhibits 1, 2, 3].

 b. The declaration of Dennis Gerber is dated March 1, 2006 and sets forth the following:

   i. Mr. Gerber's personal knowledge of particular information,

    (1) Mr. Gerber was an investigator formerly *employed by Settlement Support Center*. Plaintiffs' Exhibit B (emphasis added).

    (2) "On December 17, 2004, Defendant finally contacted *Plaintiffs* and stated that she believed that her daughter or husband were responsible for the infringement. In response, *Plaintiffs offered* to settle their claims globally with Defendant's entire household. Defendant indicated she would consider this offer and call back." Plaintiffs' Exhibit B, ¶ 3 (emphasis added).

    (3) "Defendant did not return two follow-up phone calls *by Plaintiffs*." Plaintiffs' Exhibit B, ¶ 4 (emphasis added).

    (4) Mr. Gerber's declaration does not identify his relationship to the Plaintiffs and does not provide a current address and telephone number for Mr. Gerber.

        (5)       Defendant is entitled to discover any and all documentation and information relied upon by Mr. Gerber to support his 2006 declaration.

        (6)       Mr. Gerber recites that "I was an Investigator *formerly* employed by the Settlement Support Center." Mr. Gerber was not Plaintiffs employee. (emphasis added).

c.       Defendant submits that she is also entitled to obtain discovery of contemporaneous documents and information to support of the declarations of Eric German (Plaintiffs' Exhibit C); Charles Cooper (Plaintiffs' Exhibit D); and Matthew Wiltanger (Plaintiffs' Exhibit E). *See* [Doc. 111] Defendant's Exhibit 4.

5.       Defendant filed one prior *unopposed* motion to extend her response time from Friday, April 7, 2006 until Wednesday, May 17, 2006. [Doc. 112]. The reasons set forth in the motion, included the resolution of disputed discovery. [Doc. 112] at 2, ¶ 7.

Authority In Support

Rule 26 of the Federal Rules of Civil Procedure, LCvR 26.1 and LCvR 37.1 of the U.S. District Court Rules for the Western District of Oklahoma support an order staying Defendant's response time until the Plaintiffs' draft a protective order, produce discovery, and the Court enters a protective order.[2]

---

[2] *See*, Defendant's Exhibit 5 (5-16-06 at 5:42 p.m. request for current home addresses and telephone numbers for Mr. Koransky and Mr. Gerber). Rule 26 requires a party to make initial disclosures without a discovery request of information including the names, addresses and telephone numbers of each individual likely to have discoverable information that the disclosing party may use to support its claims with identification of the subjects of the information. A party also must provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party that the disclosing party may use to support its claims. Fed. R. Civ.P. 26(A)(1)(a)-(b). See, 11-30-05

If the Court grants Defendant's instant motion, then the Defendant anticipates that she will file a single response brief with supporting exhibits (without the necessity of supplementation of her brief and her exhibits).

### Conclusion

In light of the Plaintiffs' recent May 16 agreements regarding discovery (Defendant's Exhibits 1-5, the Court should enter an order staying Defendant's May 17th response date until the performance of the following: the Court enters an agreed to protective order, Plaintiffs prepare and provide a privilege log to Defendant, and Plaintiffs (supplement) their responses to Defendant's discovery.

    Respectfully submitted:

    /S/Marilyn D. Barringer-Thomson
    Marilyn D. Barringer-Thomson, OBA 11057
    Post Office Box 54444
    Oklahoma City, OK  73154
    Telephone:  405-840-3101
    Telecopier: 405- 842-3843
    - And-
    Warren W. Henson, III, OBA#13084
    4901 Richmond Square, Suite 104
    Oklahoma City, OK 73118
    Telephone: 405-843-3889
    Telecopier: 405-843-0322
    Counsel for Defendant[3]

---

Joint Status Report.

    [3] Pursuant to Oklahoma law, attorney liens are claimed.

CERTIFICATE OF SERVICE

This is to certify that on this 17th day of May 2006, I electronically transmitted Defendant's Objection to Motions to Withdraw filed by Plaintiffs' counsel to the Clerk of the Court using the ECF System for filing. Based on the electronic records current on file, the Clerk of the Court will transmit a Notice of Electronic Filing ("NEF") to the all ECF registrants.

/S/MARILYN D. BARRINGER-THOMSON
Marilyn D. Barringer-Thomson