IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

**FILED**

JUL 1 3 2006

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

Capitol Records, Inc., et al.,          )
          Plaintiffs,          )
                            )
vs.          )          Case No. Civ. 04-1569-W
                            )
Debbie Foster and Amanda Foster,          )
          Defendants.          )

## ORDER

Before the Court is the Plaintiffs' Motion to Voluntarily Dismiss With Prejudice their Claims Against Defendant Debbie Foster and Dismiss as Moot Defendant Debbie Foster's Declaratory Judgment Counterclaim (docket no. 107). The matter has been fully briefed and the Court makes its determinations as follows.

## Background

On November 18, 2004, the plaintiffs filed this action against Deborah Foster alleging that she had infringed their copyrights by unlawfully downloading music to which they owned the copyrights. The plaintiffs later amended their complaint to name Deborah Foster's daughter, Amanda Foster, as a defendant to this action. The First Amended Complaint, filed July 7, 2005, alleged that "Plaintiffs are informed and believe that Defendants, without the permission or consent of Plaintiffs, have contributorily and/or vicariously infringed Plaintiffs' Copyrighted Recordings, including, but not limited to the extent that one or more members of their household engaged in copyright infringement." Deborah Foster, the owner of the internet account to which the alleged unlawful downloads were attributed, answered denying that she had downloaded music and counterclaimed for "a declaratory judgment of non-infringement."[1] Amanda Foster failed to answer and on December 7, 2005, the Court granted the plaintiffs' motion for a default judgment against her. The plaintiffs now seek voluntarily to dismiss with prejudice their claims against Deborah Foster.

---

[1]Deborah Foster also asserted a counterclaim for prima facie tort. That counterclaim was dismissed pursuant to the Court's order entered October 5, 2005.

They also move to dismiss Deborah Foster's declaratory judgment counterclaim.

**I.      Dismissal of the plaintiffs' claims against Deborah Foster**

Where as here, the defendant has already filed an answer in the case, a plaintiff may voluntarily dismiss its complaint only upon order of the court. Fed.R.Civ.P. 41(a)(2). Where the dismissal is to be with prejudice, the court should ordinarily grant the dismissal unless it will result in legal prejudice to the defendant. In determining whether a defendant will suffer "legal prejudice" the court should consider the following factors:

(1)  the defendant's effort and expense in preparing for trial;

(2)  any excessive delay and lack of diligence on the part of the plaintiffs;

(3)  the plaintiffs' insufficient explanation of their need for dismissal; and

(4) the present stage of the litigation.

*See* Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997).

The plaintiffs contend they should be granted leave to dismiss with prejudice of their claims against Deborah Foster because application of the Ohlander factors reveals that such dismissal will not subject Ms. Foster to any legal prejudice. Minimal discovery has been undertaken in this case. No dispositive motions have been properly filed and the case is not scheduled for trial. There appears to have been  no undue delay on the part of the plaintiffs in moving for dismissal after the attainment of their default judgment against Amanda Foster.   Rather, the parties invested considerable time in settlement negotiations which, while ultimately fruitless, do not appear to have been undertaken for dilatory purposes.

Deborah Foster argues that the circumstances of this case require the Court to look beyond a simple application of the Ohlander factors.   Her principle objection to the dismissal of the plaintiffs' claims against her appears to arise from her concern that such dismissal would deprive the Court of jurisdiction over her counterclaim. Rule 41(a)(2) provides that where a counterclaim has been pleaded prior to the plaintiff's serving its motion to dismiss, "the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." Where there in an independent jurisdictional basis for a counterclaim,

2

however,  Rule 41(a)(2) does not bar dismissal of the plaintiff's claim.  *See* Bioxy, Inc. v. Birko Corp., 935 F.Supp 737, 740 (E.D.N.C. 1996); Technimark, Inc. v. Crellin, Inc., 14 F.Supp.2d 762, 767 (M.D.N.C. 1998).  Here there are clear independent jurisdictional bases for Deborah Foster's declaratory judgment counterclaim. First, jurisdiction over Deborah Foster's counterclaim is grounded upon the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  Furthermore, as the counterclaim seeks a declaratory judgment of non-infringement under the federal Copyright Act, it presents a federal question pursuant to 28 U.S.C. § 1331.  Finally, the counterclaim is a compulsory one over which the Court has supplemental jurisdiction under 28 U.S.C. § 1367.  *See* Moore v. New York Cotton Exchange, 270 U.S. 593, 607-08 (1926); 9 C. Wright and A. Miller,  Federal Practice and  Procedure  § 2365 (2nd ed. 1994).

Because  the Court has independent bases for subject matter jurisdiction over Ms. Foster's declaratory judgment counterclaim, and because dismissal with prejudice of the plaintiffs' claims against Deborah Foster will not subject her to any legal prejudice, the Court finds the plaintiffs motion to voluntarily dismiss with prejudice their claims against Deborah Foster should be granted. *See* County of Santa Fe, N.M. v. Public Service Co. of New Mexico, 311 F.3d 1031, 1049 (10th Cir. 2002) (normal analysis will in most cases result in the district court's granting a plaintiff's motion to dismiss with prejudice).

## II.    Dismissal of Deborah Foster's Declaratory Judgment Counterclaim

Having concluded that the plaintiffs' copyright infringement claims against Deborah Foster should be dismissed with prejudice, and having recognized its independent  bases for jurisdiction over any case or controversy presented by Deborah Foster's declaratory judgment counterclaim, the Court must now consider whether any such case or controversy remains for determination.  The Declaratory Judgment Act provides, in pertinent part:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

3

28 U.S.C. § 2201(a).

The plaintiffs argue that the dismissal with prejudice of their claims against Deborah Foster constitutes a "material change in circumstances" and entirely terminates the controversy between the parties. *See* Cardinal Chemical Co. v. Morton Intern., Inc., 508 U.S. 83, 98 (1993). The Court agrees. By dismissing their claims with prejudice, the plaintiffs waive any right to damages arising from the acts at issue in their complaint. For all practical purposes, the dismissal serves as a judgment on the merits. *See* Schwarz v. Folloder, 767 F.2d 125, 130 (5th Cir. 1985); Israel v. Carpenter, 120 F.3d 361, 365 (2nd Cir. 1997). It will serve as res judicata to any further action the plaintiffs could bring regarding the alleged acts that served as the basis of their suit. *See* County of Santa Fe, 311 F.3d at 1048-49; *see also*, Aero Tech, Inc. V. Estes, 110 F.3d 1523, 1528 (10th Cir. 1997) (when a plaintiff dismisses an action with prejudice, the defendant cannot be made to defend again); Smoot v. Fox, 340 F.2d 301, 303 (6th Cir. 1964) (a dismissal with prejudice is a complete adjudication of the issues presented by the pleadings) cited with approval by Cantrell v. International Brotherhood of Electrical Workers, AFL-CIO, Local 2021, 69 F.3d 456, 458 (10th Cir. 1995).

While there may have been an actual controversy at the time Deborah Foster filed her declaratory judgment action, that is not sufficient to maintain continued declaratory judgment jurisdiction. The established rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complain is filed. Preiser v. Newkirk, 422 U.S. 395, 401 (1975). "Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case." Amstar Corp. v. Envirotech Corp., 823 F.2d 1538, 1549 (Fed. Cir. 1987). A review of the pleadings demonstrates that no case or controversy remains between Deborah Foster and the plaintiffs following dismissal of their claims against her. She can attain nothing by way of her declaratory judgment claim that she does not attain by virtue of the plaintiffs' dismissal with prejudice.   The fears she expresses of continued litigation in this matter are unfounded and unreasonable.

As dismissal with prejudice of the plaintiffs' claims against Deborah Foster effectively resolves the controversy between the parties, there is no justiciable issue before the Court and

4

Deborah Foster's counterclaim for a declaratory judgment of non-infringement must be dismissed.

## III.     Deborah Foster's Eligibility for an Award of Attorneys' Fees

Deborah Foster argues that if the Court should grant the plaintiffs' motion to voluntarily dismiss with prejudice their claims against her, it should find her to be the prevailing party for purposes of awarding her attorneys' fees and costs pursuant to the Federal Rules of Civil Procedure and the Federal Copyright Act.     Pursuant to Cantrell v. International Brotherhood of Electrical Workers, *supra.,* Deborah Foster is clearly a prevailing party under Rule 54 of the Federal Rules of Civil Procedure and is entitled to recover the costs she incurred in this action. She is not entitled, however, to recover her attorneys' fees under the Federal Rules of Civil Procedure. When a plaintiff voluntarily dismisses its complaint without prejudice, as a condition of dismissal the defendant is sometimes awarded attorneys' fees on the ground that should the plaintiff refile, the defendant will be forced to relitigate the cause of action. Conversely, the Tenth Circuit has held that "when a plaintiff dismisses an action with prejudice, attorneys' fees are usually not a proper condition of dismissal because the defendant cannot be made to defend again."Aero Tech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir. 1997). Thus, it is only in exceptional circumstances that a court may condition a dismissal with prejudice upon the plaintiffs' payment of the defendant's attorneys' fees. Id. Exceptional circumstances include such situations as where a plaintiff makes a practice of repeatedly bringing claims and then dismissing with prejudice "after inflicting substantial litigation costs on the opposing party and the judicial system." Id. In the instant action, there is no evidence that the plaintiffs have engaged in any practice that would constitute exceptional circumstances justifying an award of attorneys' fees under the provisions of Rule 41(a)(2).

While the Tenth Circuit adheres to the "American Rule" that litigants bear their own attorneys' fees in the absence of a rule or statute to the contrary, here the plaintiffs brought their claims under the federal Copyright Act which provides:

> In any civil action under this title, the court in its discretion may allow the recovery
> of full costs by or against any party other than the United States or an officer thereof.
> Except as otherwise provided by this title, the court may also award a reasonable

5

attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

The plaintiffs argue that Deborah Foster is not a prevailing party for purposes of § 505. While there is some disagreement as to whether a defendant should be considered the prevailing party when the plaintiff voluntarily dismisses its complaint with prejudice, the Court finds that, at least in cases such as this one where civil rights are not at issue, sound reasoning supports the conclusion that the defendant is the prevailing party in the action. The United States Supreme Court has defined a prevailing party as one who has been awarded some relief on the merits by the court. *See* Buckhannon Board and Care Home, Inc. v. West Virginia Dept. Of Health and Human Resources, 532 U.S. 598, 603-04 (2001); Farrar v. Hobby, 506 U.S. 103, 109-11 (1992); Hewitt v. Helms, 482 U.S. 755, 760 (1987). In a case involving 42 U.S.C. § 1988, the Supreme Court determined that to be considered a prevailing party under that provision, a party must be able to point to a resolution of the dispute which changes the legal relationship between the parties. Texas State Teachers Ass'n. v. Garland Independent School Dist., 489 U.S. 782, 792 (1989). In other words, the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." Id. at 792-93; *see also* Buckhannon, 532 U.S. at 604-05.

As discussed above, the Tenth Circuit, like the majority of federal courts  has ruled that a plaintiff's dismissal of its complaint renders the defendant is the prevailing party for purposes of costs. *See* Cantrell, *supra*.; *see also*  Sheets v. Yamaha Motors Corp., U.S.A., 891 F.2d 533, 539 (5th Cir. 1990); 10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure § 2667 (3rd ed. 1998). In Aero Tech, Inc. v. Estes, the Tenth Circuit also noted that a dismissal with prejudice bars further litigation of that same cause of action. 110 F.3d at 1528 . Because this Court finds that the plaintiffs' voluntary dismissal with prejudice serves as a complete adjudication of the issues set forth in their complaint and acts as a bar to further action on their claims, the court concludes the matter has been finally adjudicated in the defendant's favor.   Such a final adjudication represents a judicially sanctioned material alteration in the legal relationship between Deborah Foster and the plaintiffs. Ms. Foster is therefore the prevailing party for purposes of  the  Copyrights Act.

6

As the prevailing party Deborah Foster is eligible for an award of attorneys' fees pursuant to § 505 of the Copyrights Act. Such eligibility does not equate to entitlement. The Court notes that under the statute, attorney fees are not to be awarded routinely or as a matter of course. *See* Applied Innovations, Inc. v. Regents of the University of Minnesota, 876 F.2d 626, 638(8th Cir. 1989); Lieb v Topstone Industries, Inc., 788 F.2d 151, 156 (3rd Cir. 1986). Rather, the Act makes such an award discretionary with the Court. *See* Palladium Music, Inc. v. EatSleepMusic, Inc., 398 F.3d 1193, 1200 (10th Cir. 2005). The Court makes no determination regarding the defendant's entitlement to an award of attorneys' fees under the facts and circumstances of this case. That issue must be reserved for resolution upon the defendant's proper application for an award of attorneys' fees.

Accordingly the Court:

1. DISMISSES with prejudice the claims brought by plaintiffs herein against the defendant Deborah Foster;

2. DISMISSES without prejudice Deborah Foster's declaratory judgment counterclaim against the plaintiffs herein;

3. FINDS that the defendant Deborah Foster is the prevailing party in the action and is thus eligible for an award of attorneys' fees pursuant to 17 U.S.C. § 505;

4. FINDS that the Defendant's Motion for Leave to File Motion for Summary Judgment (docket no. 122) is moot and is, therefore, DENIED;

5. FINDS that the Plaintiffs' Application for Extension of Time to Respond to Defendant's Motion for Leave to File Motion for Summary Judgment (docket no. 123) is moot and is, therefore, DENIED;

6. FINDS that the Plaintiffs' Application for Leave to File Reply Brief (docket no. 124) is moot and is, therefore, DENIED.

ENTERED this *13*th day of July, 2006.

LEE R. WEST
**UNITED STATES DISTRICT JUDGE**