IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED
OCT 22 2007
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY W.N.            DEPUTY

| | |
|---|---|
| Capitol Records, Inc., et al.,      ) | |
| Plaintiffs,      ) | |
| vs.      ) | Case No. Civ. 04-1569-W |
| ) | |
| Debbie Foster and Amanda Foster,      ) | |
| Defendants.      ) | |

## ORDER

Before the Court are the plaintiff's Renewed Motion to Deem Judgment Satisfied (docket no. 256) and the Defendant's Motion for Relief From Order and Judgment (docket no. 259). While the defendant's response to the Renewed Motion to Deem Judgment Satisfied takes the form of an objection to this Court's September 6, 2007 Order, the motion appears to have been fully briefed. The time for reply has passed with regard to the Defendant's Motion for Relief From Order and Judgment and that motion is, therefore, considered to be fully briefed as well.

On July 31, 2007, the plaintiffs filed their motion for an order deeming the judgment against them in this matter satisfied. That same day, the defendant filed a motion to amend judgment in which she asserted, among other things, that she had not been paid the "interest" to which she was entitled. The defendant did not specify the nature of the "interest" she believed herself to be owed. The Court interpreted "interest" to mean the postjudgment interest mandated by 28 U.S.C. § 1961(a) on "any money judgment in a civil case recovered

in a district court." The Court agreed that the defendant was entitled to postjudgment interest and ordered the plaintiffs to calculate and remit to the defendant the interest due her.

The plaintiffs have submitted evidence establishing that they have properly calculated the interest due the defendant under 28 U.S.C. § 1961(a) and that they have remitted that amount to the defendant in accordance with this Court's orders. The defendant does not contest that the plaintiffs have paid her the proper postjudgment interest. Instead, she now claims that she is entitled to prejudgment interest as well and she seeks to have the judgment amended to include same pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure.

The plaintiffs point out that the defendant's first mention of prejudgment interest occurred "two months after the Court awarded fees, and one month after the Judgment was entered." They assert that any claim for prejudgment interest is, therefore, untimely under Rule 59(e). Even were the Court to construe the reference to "interest" in the defendant's initial motion to amend judgment to encompass prejudgment interest, it appears that motion too, was filed outside the 10-day period set forth in Rule 59(e).

The plaintiffs further contend that the defendant is not entitled to relief under Rule 60. Rule 60(b) grants a party relief from a judgment or order upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rue 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other

misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The defendant has not set forth any of the first five enumerated reasons for relief. Nor does it appear that she has properly tapped the "grand reservoir of equitable power to do justice" provided by the he sixth reason for relief. See Pierce v. Cook & Co., 518 F.2d 720, 722 (10th Cir. 1975) quoting Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538, 542 (2nd Cir. 1963). In any event, even overlooking the obvious procedural deficiencies of her motion for relief, the defendant's request for prejudgment interest fails on its merits.

As the defendant concedes, the Copyright Act of 1976 does not explicitly provide for prejudgment interest. Numerous courts, however, including the Tenth Circuit Court of Appeals, have held that such interest is appropriately awarded on damages for violations of the Act. See Kleirer Advertising, Inc. v. Premier Pontiac, Inc., 921 F.2d 1036 (10th Cir. 1990). Those courts note that an important goal of the Copyright Act is to provide fair compensation to parties deprived of their rightful profits by their opponent's breach of statutory copyright obligations. See Kleier at 1041. Prejudgment interest compensates injured parties for loss of the use of the money they would have had absent the copyright violation. Id.; see also Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545, 1550 (9th Cir. 1989).

In this case, there has been no allegation, much less a determination, that the plaintiffs violated some statutory duty owed the defendant under the Copyright Act. The defendant's award of attorneys' fees was premised entirely on her having prevailed against the plaintiffs' claims that she herself committed copyright violations. Furthermore, the Court has not been directed to a single case wherein a prevailing litigant was awarded prejudgment interest on an award of attorneys' fees under the Copyright Act of 1976. In fact, both parties acknowledge that a similar claim for prejudgment interest was emphatically rejected in Fantasy Inc. v. Fogerty, 1995 WL 261504 (N.D. Cal. May 2, 1995). There the court recognized that the practice of awarding prejudgment interest on awards of attorneys' fees "is clearly not the norm, especially in the context of fees awarded under the Copyright Act of 1976." Fogerty is consistent with longstanding Tenth Circuit authority holding that "[g]enerally, no prejudgment interest should be paid for the period before the [attorneys'] fees are awarded." Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir. 1983), overruled on other grounds, Pennsylvania v. Delaware Valley Citizens' Council For Clean Air, 483 U.S. 711 (1987); see also MidAmerica Federal Sav. & Loan Ass'n v. Shearson/American Exp., Inc., 962 F.2d 1470 (10th Cir. 1992).

The defendant attempts to distinguish Fogerty on the ground that there the attorneys were paid on an on-going basis rather than compensated out the defendant's attorneys' fee award at the conclusion of the litigation. While the court in Fogerty did acknowledge that the prevailing defendant's attorneys were not subjected to a delay in payment, it did so in the

context of distinguishing actions arising under the Copyright Act from those arising in the civil rights arena. It has become increasingly common for courts to award prejudgment interest on attorneys' fees in civil rights litigation. In Missouri v. Jenkins, 491 U.S. 274, 283 (1989), the United States Supreme Court ruled that prejudgment interest may be appropriate in actions pursuant to 42 U.S.C. § 1988, and that courts in such civil rights cases may consider the delayed payment of attorneys' fees as one of the factors determining an appropriate award. The defendant has not offered, nor has this Court discovered any authority for extending such reasoning to copyright cases. The defendant's suggestion that because her attorney typically practices in the area of civil rights she should be extended a civil rights remedy in a copyright case is devoid of merit.

Even in those circumstances where prejudgment interest is appropriate, it is not awarded automatically. "The decision whether or not to allow prejudgment interest rests within the sound discretion of the trial court." U.S. Industries, Inc. v. Touche Ross & Co., 854 F.2d 1223, 1255 (10th Cir. 1988). "[A]n award of prejudgment interest under federal law is governed by a two-step analysis. First, the trial court must determine whether an award of prejudgment interest would serve to compensate the injured party. Second, when an award would serve a compensatory function, the court must still determine whether the equities would preclude the award of prejudgement interest." Id. at 1257.

An award of prejudgment interest is not necessary to compensate the defendant in this case. The defendant was granted an award of attorneys' fees based upon her lawyers'

reasonable current rates. Compensation at current rates sufficiently accounts for the delayed payment the defendant's counsel experienced. See Ramos v. Lamm at 556. Furthermore, the equities do not favor an award of prejudgment under the circumstances presented here. While the Court acknowledges that these proceedings have been unusually and unnecessarily protracted, the responsibility for this situation may be attributed at least as much to the defendant as to the plaintiff.

Having found that the defendant is not entitled to prejudgment interest on her award of attorneys' fees, and having further found that the defendant has not disputed the plaintiffs' evidence that they have paid the judgment against them in full, the Court finds that the plaintiffs Renewed Motion to Deem Judgment Satisfied should be and hereby is GRANTED.

ENTERED this 22nd day of October 2007.

LEE R. WEST
UNITED STATES DISTRICT JUDGE